948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lafonza E. WASHINGTON, Sr., Joan A. Washington, Plaintiffs-Appellants,
v.
Terry L. BREWER, Defendant-Appellee.
 No. 91-1935.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 These Michigan plaintiffs, proceeding without benefit of counsel, appeal from the district court's order dismissing their complaint for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lafonza and Joan Washington alleged that their privately retained attorney mishandled a state court civil case for monetary damages brought against a clothing store for falsely accusing them of stealing merchandise. They framed their suit under 42 U.S.C. § 1983 alleging that counsel committed malpractice and negligence which deprived them of due process and equal protection. The district court concluded that the Washingtons were asserting a cause of action for legal malpractice and that they failed to allege the "state action" necessary to state a claim under 42 U.S.C. § 1983. The court also denied plaintiffs' motion for reconsideration and, in a footnote, attempted to explain the critical defect contained in their complaint.
 
 
 4
 Upon review, we find no error.
 
 
 5
 Under 42 U.S.C. § 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Absent either element, a claim will not be stated. In order to be subject to suit under § 1983, the defendant's conduct must be fairly attributable to the state. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a state actor under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 321 (1981) (a public defender, appointed by the state to defend an accused in a criminal proceeding, is not considered a state actor under 42 U.S.C. § 1983).
 
 
 6
 Accordingly, the order of dismissal is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation